UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JERRY NUTT | ) |
| | ) |
| v. | ) Case No. 1:20-cv-00002-TRM-CHS |
| | ) |
| SONNY SMART, DAN RAWLS, and | ) |
| SAMMY GARNER | ) |

## REPORT AND RECOMMENDATION

**I. Introduction**

This matter is before the Court upon Plaintiff's motion for attorney fees and expenses [Doc. 46] following the Court's entry of default judgment against Defendants Sonny Smart and Dan Rawls [Doc. 45]. For the reasons stated herein, it is **RECOMMENDED** that the Motion for attorney fees and expenses be **GRANTED** and that $47,004.40 in attorney fees and $2,272.96 in expenses be **AWARDED** to Plaintiff Jerry Nutt against Defendant Sonny Smart.

**II. Background**

On February 23, 2021, this Court entered a Report and Recommendation [Doc. 44] recommending that Plaintiff's motion for default judgment should be granted as to all Plaintiff's claims against Defendants Sonny Smart and Dan Rawls. Plaintiff had asserted claims for breach of fiduciary duty, conversion, breach of contract, fraud, and elder abuse against Defendant Smart and claims of breach of contract and fraud against Defendant Rawls. A third defendant, Sammy Garner, answered the complaint and no default has been entered against him. Plaintiff asserts a single claim of conversion against Defendant Garner. The Court detailed the factual allegations of the Plaintiff's complaint in a Report and Recommendation entered on February 23, 2021,

recommending default judgment in favor of Plaintiff against Defendants Smart and Rawls. [Doc. 44, R&R at 5-7]. Those allegations are incorporated by reference herein.

The claim for elder abuse in violation of the Tennessee Adult Protection Act (TAPA), Tenn. Code Ann. § 71-6-120(b), brought exclusively against Defendant Smart, creates a cause of action for an elderly person for theft of money or property by fraud, deceit, coercion, or otherwise. *Id.* Under TAPA, a plaintiff is entitled to recover reasonable expenses, including attorney fees, if intentional or fraudulent conduct is proven by clear and convincing evidence. *See* Tenn. Code Ann. § 71-6-120(d). The Court concluded Plaintiff was entitled to attorney fees under TAPA against Smart but denied the motion without prejudice because Plaintiff had not differentiated between fees incurred for work that was "distinct and severable" from the work performed on the TAPA claim. In other words, Plaintiff had not excluded fees for work performed *solely* for claims other than the TAPA claim. As support for this conclusion, the Court relied on *State Auto. Ins. Co. v. Jones Stone Co., Inc.*, No. M2009-00049-COA-R3-CV, 2009 WL 4841080 (Tenn. Ct. App. Dec. 15, 2009). [Doc. 44, Report and Recommendation at 14]. On March 16, 2021, the District Court adopted and accepted *in toto* this Court's Report and Recommendation, including the denial without prejudice of Plaintiff's motion for attorney fees under TAPA. [Doc. 45]. Subsequently, on March 29, 2021, Plaintiff filed the current motion for attorney fees.

**III.     Discussion**

Plaintiff seeks the entire amount of attorney fees Plaintiff's counsel has billed in this case, i.e., $58,755,50, or, in the alternative, a 20% reduction of that total amount, i.e., $47,004.40. The alternative amount is counsel's estimate of the amount of fees incurred for work completely related to the TAPA claim. Plaintiff also seeks $2,272.96 in expenses.

Tennessee follows the "American Rule" regarding the award of attorney fees wherein a

party may recover attorney fees in a civil action only if "(1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American rule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 309 (Tenn. 2009). The party seeking attorney fees bears the burden to show that he is entitled to the amount of fees sought. *See Wilson Mgmt. Co. v. Star Distribs. Co.*, 745 S.W.2d 870, 873 (Tenn. 1988). A court has discretion in awarding attorney fees. *Eberbach v. Eberbach*, 535 S.W. 3d 467, 478 (Tenn. 2017).

The Tennessee Supreme Court has held that the determination of reasonable attorney fees is governed by Tennessee Supreme Court Rule 8, Rule of Professional Conduct 1.5. *Wright ex rel. Wright*, 337 S.W.3d 166, 176-77 (Tenn. 2011). Rule 1.5 provides:

> (a) A lawyer's fee and charges for expenses shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
>
> > (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> >
> > (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> >
> > (3) The fee customarily charged in the locality for similar legal services;
> >
> > (4) The amount involved and the results obtained;
> >
> > (5) The time limitations imposed by the client or by the circumstances;
> >
> > (6) The nature and length of the professional relationship with the client;
> >
> > (7) The experience, reputation, and ability of the lawyer or lawyers performing the services;
> >
> > (8) Whether the fee is fixed or contingent;

(9) Prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) Whether the fee agreement is in writing.

Tenn. Sup. Ct. R. 8, Rule 1.5, *see also Eberbach*, 536 S.W. 3d at 478 (citing Tenn. Sup. Ct. R. 8, Rule 1.5).

Plaintiff's attorneys, Nader Bayoun and Stephen Knight, are based in Nashville, Tennessee, and practice law throughout the state. They enjoy a good reputation and their work in this case has been excellent. Mr. Bayoun has 40 years' experience practicing in the field of general and commercial litigation, including contracts and business tort litigation. He charged $395.00 an hour for his services. Mr. Knight has nearly twenty years' experience in the practice of law and charges $325.00 per hour. Counsel submitted billing reports for 159.70 hours of work by counsel, attorney fees in the amount of $58,755.50, and expenses in the amount of $2,272.96.

The Court has reviewed the Matter Billing Detailed Report (billing invoices). [Doc. 42-1]. The Court has extensive experience with the practice of law in this locality and concludes that the rates charged and number of hours billed are reasonable in light of the experience of the attorneys, the issues involved, and the factual complexity of the case. However, as the Court observed in its Report and Recommendation entered on February 23, 2021, the only cause of action for which there are grounds to award attorney fees is for the attorneys' work performed in connection with the TAPA claim. The other claims provide no statutory or contractual basis for an award of attorney fees.

Tennessee courts have consistently relied on *Hensley v. Eckerhart*, 461 U.S. 424 (1983) and its progeny to determine the amount of fees to award a plaintiff who has prevailed on some claims but not on others, where all claims give rise to a right to attorney fees. *See e.g., Goree v.*

*United Parcel Service, Inc.,* No. W2016-0119-COA-R3-CV, 2017 WL 2398707 (Tenn. Ct. App. June 2, 2017); *Crescent Sock Company v. Yoe*, No. E2015-0098-COA-R3-CV; 2016 WL 3619358, at *7-8 (Tenn. Ct. App. May 25, 2016).

*Hensley* instructs that courts should not reduce fees simply because a plaintiff has not prevailed on all claims. 461 U.S. at 434-37; *Hescott v. City of Saginaw*, 757 F.3d 518, 527 (6th Cir. 2014) ("We have repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed.") (quoting *De ja Vu, Inc. v. Metro. Gov't of Nashville & Davidson Cnty, Tenn.*, 421 F.3d 417, 423 (6th Cir. 2005); *Green Party of Tennessee v. Hargett*, 767 F.3d 533, 553 (6th Cir. 2014) ("In no case should a court reduce the full fee award 'simply by using a ratio of successful claims to claims raised.'") (quoting *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013)). Rather, the court should consider whether work performed for one or more unsuccessful claims can also apply to successful claim(s); where a plaintiff's claims involve "a common core of facts or are based on related legal theories, . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435; *see also, Jordan v. City of Cleveland*, 464 F.3d 584, 603 (6th Cir. 2006) ("when claims 'involve a common core of facts' or are 'based on related legal theories,' the district court's rejection of certain grounds is not a sufficient reason for reducing a fee. There is no precise test for determining whether claims are related") (quoting *Hensley*, 461 U.S. at 437)); *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996) ("When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced.").

What makes the fee request in the instant case a bit unusual is that Plaintiff has prevailed

on *all* claims against Defendants Smart and Rawls—but only one of those claims, the TAPA claim brought against Smart, provides for recovery of attorney fees. The other claims are subject to the American Rule where each party bears his own fees. The Tennessee Court of Appeals addressed this same scenario in *State Auto. Ins. Co. v. Jones Stone Co., Inc.*, No. M2009-00049-COA-R3-CV, 2009 WL 4841080 (Tenn. Ct. App. Dec. 15, 2009). In *Jones Stone Co.,* an insurance company sought a declaratory judgment that it did not owe the insured, Jones Stone Co. ("Jones"), coverage under a policy it had issued to it for a lawsuit by a homeowner against Jones for allegedly providing defective stone work. Jones countersued under the Tennessee Consumer Protection Act ("TCPA") for bad faith refusal to provide coverage and breach of the duty to defend. Jones prevailed on both the coverage claim and the TCPA claim and sought attorney fees under the TCPA. In reviewing the award of attorney fees, the court held, "[t]he TCPA claim was discrete and severable from the coverage claim and time spent related to the coverage issue only should be disregarded in the court's determination of a reasonable fee pursuant to the TCPA." *Id*. at *11. While both claims arose from Jones' placement of stonework at a private home, "the basis for the declaratory judgment action was whether the damage to the [home's] stone was an 'occurrence' as defined in the policy at issue; the breach of the duty to defend and the TCPA claims were based on State Auto's conduct in the defense (or lack thereof) of Jones in the [homeowner's] lawsuit." *Id*. at *10. Thus while both the coverage claim and the TCPA claims arose from the same general incident, the facts which were determinative of each claim did not overlap, thus the court held Jones was not entitled to attorney fees for the claim which had no fee shifting statute or fee shifting contractual provision. *Id.*

This Court finds *Jones Stone Co*.'s holding and reasoning in-step with *Hensley*, and the Court will apply the principles enunciated in *Hensley* and its progeny in determining the payment

of attorney fees where the prevailing plaintiff is permitted to recover fees for some claims but not for others

IV. Conclusion

For the reasons stated herein, it is **RECOMMENDED** that Plaintiff's motion for attorney fees against Sonny Smart be **GRANTED** and that:

1. Plaintiff be **AWARDED** attorney fees against Defendant Sonny Smart in the amount of $47,004.40; and

2. Plaintiff be **AWARDED** expenses against Defendant Sonny Smart in the amount of $2,272.96.[1]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a forfeiture of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).